UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VICKI R. NOLAN, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 16-cv-1792 (TSC) |
| SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.; HSBC MORTGAGE CORPORATION (USA); FEDERAL NATIONAL MORTGAGE ASSOCIATION; AND MCGUIREWODDS, LLP., | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OPINION**

Plaintiff Vicki R. Nolan brings this *pro se* action challenging a foreclosure proceeding. In 2005, Nolan used property she owned in Washington, D.C. to secure a mortgage from defendant HSBC Mortgage Corporation. (Compl. p. 4 ¶ 1 and Ex. A). Nolan subsequently filed a lawsuit in the District of Columbia Superior Court against HSBC and defendant Federal National Mortgage Association ("Fannie Mae"), which had assumed the loan. *See Nolan v. HSBC Mortg. Corp.*, 16-cv-1265-TSC (D.D.C.), ECF No. 6, ECF pp. 2-4, 33-50. In that suit, Nolan asserted, *inter alia*, claims for fraud, intentional infliction of emotional distress, as well as slander of title, and sought "foreclosure and declaratory" relief. *Id*. at ECF No. 6, ECF p. 33. In June 2016, Fannie Mae removed the lawsuit to this court (*hereinafter* "*Nolan I*"). *See Nolan v. HSBC Mortg. Corp.*, 16-cv-1265-TSC (D.D.C.), ECF No. 1.

Shortly thereafter, both Fannie Mae and HSBC filed motions to dismiss. On July 1, 2016, this court ordered Nolan to respond to the motions by July 25, and warned her that failure to respond in a timely manner might result in the court treating the motions as conceded. *Nolan I* at ECF No. 12. The court later granted Nolan an extension through September 8, 2016, but she never responded or sought leave for an extension of the deadline, and the court dismissed *Nolan I* on September 30. *Nolan I* at July 27, 2016 Minute Order; *id.*, ECF Nos. 14-15.

Meanwhile, on July 13, 2016, shortly after removing *Nolan I* to this court, Fannie Mae (represented by a law firm that is not a defendant here) sought foreclosure on the property in D.C. Superior Court. *See Federal National Mortg. Assoc. v. Nolan*, 2016 CA 005095 R(RP) (D.C. Super. Ct.). Several months later, on September 9, the Superior Court entered a default judgment against Nolan. *Id.* That same day, Nolan filed the instant lawsuit. Subsequently, she obtained relief from the default judgment in the foreclosure proceeding, which is on-going, with mediation scheduled for mid-September. *Id.*

In this case, Nolan names as defendants HSBC and its law firm during *Nolan I* (Shulman, Rogers, Gandal, Pordy & Ecker, P.A.), as well as Fannie Mae and its law firm during *Nolan I* (McGuireWoods LLP). Although her Complaint is difficult to comprehend, it appears that she seeks to recover "damages" related to the foreclosure of the Washington, D.C. property, give notice of *lis pendens*,[1] discharge her loan obligation on the property, obtain a refund on all loan payments, as well as obtain injunctive relief and a declaration that the foreclosure proceedings are "wrongful, unlawful

---

[1] "A notice of *lis pendens* is a well-established, traditional remedy whereby a plaintiff (usually a judgment creditor) who brings an action to enforce an interest in property to which the defendant has title gives notice of the pendency of such action to third parties; the notice causes the interest which he establishes, if successful, to relate back to the date of the filing of the *lis pendens*." *Connecticut v. Doehr*, 501 U.S. 1, 29 (1991)

and void." (Compl. p. 1; *id*. p. 3 ¶ 3; *id*. p. 12 ¶ 35; *id*. p. 19 ¶ 1; *id*. p. 20 ¶ 4; *id*. p. 21 ¶¶ 11-12). Although many of these claims are not actionable, Nolan seeks relief for alleged "fraud on the court," (*id*. pp. 7-9 ¶¶ 17-19); fraud (*id*. pp. 10-11 ¶¶ 26-32); slander of title (*id*. p. 18); as well as violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (*id*. p. 3; *id*. pp. 9-10 ¶¶ 21-25; *id*. pp. 12-13); the District of Columbia Rules of Professional Conduct (*id*. p. 13); the Fourth Amendment Due Process Clause (*id*. p. 16); Executive Order 11615 (*id*. p. 6 ¶ 15);[2] the Economic Stabilization Act of 1970 (*id*.); the Emergency Banking Relief Act (*id*.); Public Law 73-10;[3] and provisions of the Uniform Commercial Code (*id*.).

After Defendants filed motions to dismiss (ECF Nos. 5, 7), the court ordered Nolan to respond, and warned her that the court might treat as conceded any arguments advanced by the Defendants that she failed to address in her opposition. (ECF No. 9). Nolan filed two responses and an affidavit, to which she attached an evidentiary exhibit. (ECF Nos. 10, 11, 12).[4]

For the reasons set forth below, the court will GRANT the Defendants' motions.

---

[2] Executive Order 11615 relates to "Providing for Stabilization of Prices, Rents, Wages, and Salaries." 36 FR 15727, 1971 WL 135044.

[3] Public Law 73–10 suspended the gold standard in the United States.

[4] Without leave of court, Plaintiff subsequently filed a two page "Notice for Objection to Order," in which she asked the court (without reference to relevant legal authority) to strike Shulman's motion because, *inter alia*: (1) she is a "secured party," (2) Shulman was not "the injured party," (3) Shulman did not have standing; (4) Shulman "never responded to the Plaintiff[s] claim"; and (5) the transfer of the loan via the Mortgage Electronic Registration System, Incorporated (MERS) was unlawful. (ECF No. 13). The court struck Nolan's notice because she failed to obtain leave to file what amounted to a supplemental response.

Even had the court not stricken the document, the outcome in this case would remain the same because the majority of Nolan's claims are frivolous, and any that are potentially viable should be resolved in D.C. Superior Court.

## A. *Nolan I*

Nolan asks the court to "enjoin" *Nolan I,* which was pending when she filed the instant lawsuit. (Compl. pp. 8-10, ¶¶ 19-20). The court interprets Nolan's request as a plea to consolidate the two cases and, to the extent she seeks this type of relief, the court will deny her request for several reasons.

First, it does not appear that this court has jurisdiction over *Nolan* I. Fannie Mae cited 12 U.S.C. § 1723(a) as the basis for removal, but the court assumes that Fannie Mae intended to cite 12 U.S.C. § 1723**a**(a), which the Circuit Court recognized as a legitimate basis for federal jurisdiction "in Fannie Mae cases" at the time of the removal. *See Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 415 (D.C. Cir. 2014) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. ex rel. Fed. Nat'l Mortg. Ass'n v. Raines*, 534 F.3d 779, 785 (D.C. Cir. 2008)). Earlier this year, however, the Supreme Court held that § 1723a(a) does not create an independent basis for subject matter jurisdiction in federal court cases involving Fannie Mae. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017). Thus, it appears that this court is without jurisdiction over *Nolan I*.

Second, even if this court had jurisdiction, *Nolan I* was dismissed on September 30, 2016 and therefore cannot be consolidated unless the court re-opens the case. Re-opening is not an option, however, because Nolan has not established that she meets the requirements of Federal Rule of Civil Procedure 60, which states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1).

The only possible basis for relief under Rule 60(b) appears to be alleged fraud. Although Nolan seems to allege that Shulman produced "false documents" and made "false statements," thereby purportedly committing "fraud on the court" (Compl. pp. 8-9; *id*. p. 10 ¶¶ 24, 28; *id*. p. 11 ¶ 30), it is unclear whether this alleged conduct occurred in this court or in D.C. Superior Court. Moreover, Nolan has provided no details about the alleged fraud and therefore this court is unable to determine whether she has made a prima facie case to support such a claim. *See Davis v. U.S. Dep't of Health & Human Servs.*, 968 F. Supp. 2d 176, 184 (D.D.C. 2013), *aff'd,* 2014 WL 2178705 (D.C. Cir. Apr. 25, 2014) ("Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. Fraud upon the court refers only to very unusual cases involving far more than an injury to a single litigant. Examples include the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony.") (citation omitted). Accordingly, Nolan has not satisfied the requirements for relief pursuant to Rule 60(b), and the court will deny Nolan's request to "enjoin" *Nolan I*.

**B. Fannie Mae and McGuireWoods LLP's Motion to Dismiss**

Fannie Mae (the current note holder) and its *Nolan I* counsel, McGuireWoods, seek dismissal because Nolan does not mention them or any alleged misconduct by them in the body of the Complaint; they are named only in the case caption and the certificate of service. (*See* ECF No. 7-1 pp. 2, 5) (citing Compl. p. 1, 53).

1. <u>McGuireWoods</u>

Nolan failed to address the argument raised by McGuireWoods, and did not refer to the firm in her responses to the motions. Moreover, the records before the court in this action, in *Nolan I*, and

in the foreclosure proceeding indicate that McGuireWoods is not involved in the current Superior Court foreclosure case.

While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, s*ee Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted). Lacking any factual allegations relating to McGuireWoods, Nolan's Complaint does not met Rule 8(a)'s requirements, and therefore dismissal is appropriate as to this defendant.

   2. Fannie Mae

While Nolan mentions Fannie Mae in her responses, her allegations are bare, despite Fannie Mae's role as the plaintiff in the current foreclosure proceeding. Under a heading captioned "IN-RESPONSE TO DEFENDANT [sic] RELEVANT FACTS," Nolan responds: "DENIED . . . [Fannie Mae] is a corporation," and she contends that because of its corporate status, Fannie Mae "cannot speak." (ECF No. 10 p. 2). She further "denies" all paragraphs in Defendants' briefs because "Attorney/Lawyer is testifying." *Id*.

Even construing Nolan's Complaint and responses to the motions to dismiss liberally, she has failed to provide any factual allegations involving Fannie Mae and therefore cannot meet Rule 8(a)'s

requirements.  Moreover, even if Nolan had asserted facts involving Fannie Mae, it is clear that the purpose of her lawsuit is to challenge the validity of the foreclosure proceedings.  Such a challenge should be brought in Superior Court, notwithstanding Nolan's federal claims.  The D.C. Circuit, relying on *Younger v. Harris,* 401 U.S. 37 (1971), and successive cases, held that, "except in extraordinary circumstances, a federal court should not enjoin a pending state proceeding. . .that is judicial in nature and involves important state interests." *Worldwide Moving & Storage, Inc. v. D.C.*, 445 F.3d 422, 425 (D.C. Cir. 2006) (citation omitted).  The Court noted that the "*Younger* abstention doctrine rests both on equitable principles and on concerns for comity and federalism." *Id*. (citations and internal quotations omitted); *see Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 417 (D.C. Cir. 2014) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . .") (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966)) (alterations omitted)).

When deciding whether to abstain under *Younger* and dismiss a plaintiff's claims, the D.C. Circuit prescribes a "rigid three-prong test." *Worldwide Moving & Storage*, 445 F.3d at 425.  "First, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature." *Id*. (citations omitted).  Next, "the state proceedings must implicate important state interests." *Id*. (citations omitted).  Finally, "the [state court] proceedings must afford an adequate opportunity in which to raise the federal claims." *Id*. (citations omitted).

The facts here meet all three prongs of the test.  First, there is an ongoing state judicial foreclosure proceeding.  Second, the Superior Court has an important state interest in resolving foreclosure proceedings involving property located in the District of Columbia.  Finally, there is no indication that Nolan is unable to adequately raise her federal claims in the foreclosure proceeding.

Thus, pursuant to the *Younger* abstention doctrine, the court will dismiss the claims against Fannie Mae. *See Bradley v. Fed. Nat'l Mortg. Ass'n*, No. CV 14-1426 (RMC), 2015 WL 474551 (D.D.C. Feb. 5, 2015) (relying, *inter alia*, on the *Younger* abstention doctrine as a basis for rejecting mortgagor's demand that the District Court "void" Fannie Mae's state court foreclosure proceeding, order the defendants to "cease and desist" with their efforts to sell the property and order the defendants to convey the property back to the mortgagor).[5]

## C. Shulman and HSBC's Motion to Dismiss[6]

Nolan's allegations concerning HSBC and the Shulman law firm are confusing at best, given that Fannie Mae is pursuing the foreclosure proceeding (with the assistance of counsel who are not defendants in this lawsuit). To the extent the court can decipher her claims, they appear to fall into two categories. The first concerns the circumstances surrounding HSBCs transfer of its interest in the note to Fannie Mae and the subsequent foreclosure. (*See* Compl. pp. 5 ¶¶ 7-8; *id*. pp.10-11 ¶¶ 23, 26-32). Nolan alleges the transfer involved the use of fraudulent documents and the creation of a "new" loan number. (*Id*. p. 4 ¶ 4; *id*. pp. 10-12 ¶¶ 24, 26-28, 30-36). HSBC and Shulman then allegedly engaged in an "unlawful and illegal foreclosure" of her property. (Compl. p. 12 ¶ 35). Nolan asserts that, as part of this illegal foreclosure, she received a letter from Shulman, but complains that the letter did not state that Shulman had any rights to foreclose on the property and therefore the law firm

---

[5] To the extent Nolan asks this court to enjoin or somehow interfere with the Superior Court proceedings, her request is denied pursuant to the Anti-Injunction Act. *Kaempfer v. Brown*, 684 F. Supp. 319, 321 (D.D.C. 1988), *aff'd,* 872 F.2d 496 (D.C. Cir. 1989) ("The authority and equitable power to enjoin a proceeding in a state court is restricted and limited by Title 28 of the United States Code. Section 2283 of that Title prohibits a federal court from enjoining proceedings in a state court, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments.'") (citing 28 U.S.C. § 2283) (alterations omitted).

[6] Shulman and HSBC also seek dismissal for failure to effectuate service of process, but the court declines to reach this issue.

had no "standing" to do so. (Compl. p. 5 ¶¶ 5-7; *id*. p. 6 ¶ 13; *id*. p. 10 ¶ 23). Finally, Nolan contends that Shulman's "foreclosure sale notice letter" did not comply with the notice provisions mandated by District of Columbia law. (*Id*. p. 5. ¶ 11).

These allegations appear frivolous because neither HSCB nor Shulman are involved in the foreclosure proceeding but, even if these allegations were actionable, they go to the heart of the foreclosure proceeding, and this court is unaware of any bar to Nolan raising these allegations in Superior Court. Accordingly, abstention pursuant to *Younger* is appropriate with respect to these claims.

The second category of claims against HSBC and Shulman involve the alleged "splitting" of the note from the deed of trust. Nolan argues that the transfer of the note from HSBC to Fannie Mae caused the note to "split" or become "separated' from the deed of trust, thereby making the note unenforceable. (*Id*. pp. 4-5 ¶¶ 3-4; *id*. pp. 7, 18).

The court joins other courts who have considered Nolan's "splitting" argument and rejected it. *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 110 (D.D.C. 2014) (citing cases). Even if the "splitting" argument was viable, there is no indication that Nolan would be unable to raise that argument before the Superior Court. Accordingly, *Younger* abstention is also appropriate on this claim.

### D. Conclusion

For the reasons set forth above, this court will GRANT Defendants' motions to dismiss and DENY Nolan's request to "enjoin" *Nolan I*.

The Clerk of the Court shall mail a copy of this order to:

                **VICKI R. NOLAN**
                6906 Mountain Lake Place

Capitol Heights, MD 2074.


Date: September 13, 2017

          *Tanya S. Chutkan*
          TANYA S. CHUTKAN
          United States District Judge